UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RAMIN PARSEY, M.D., PH.D.,

                             Plaintiff,

                v.

MAURIE MCINNIS, PH.D., WILLIAM WERTHEIM,
M.D., and STONY BROOK UNIVERSITY,

                         Defendants.
----------------------------------------------------------------X

**ORDER**
CV 21-6064 (NRM)(AYS)

**SHIELDS, Magistrate Judge:**

Plaintiff, Ramin Parsey ("Plaintiff" or "Parsey"), is a current Professor of Psychiatry and other disciplines at the Stony Brook University Renaissance School of Medicine (the "School"). Prior to September of 2021, Plaintiff served as chairperson of the department (the "Chair"). Although he is no longer the Chair, Plaintiff remains employed as a Professor at the School. In this lawsuit Plaintiff alleges, inter alia, that he was removed from the Chair position and denied a promotion to "SUNY Distinguished Professor" in retaliation for complaints made regarding conditions at the school, as well as discrimination on account of his race and/or national origin. See Compl., Docket Entry ("DE") [1].

Defendants, Maurie McInnis ("Dr. McInnis"), William Wertheim ("Dr. Wertheim"), and Stony Brook University (the "University") (collectively, "Defendants"), have taken the position that their employment actions were taken because Plaintiff mishandled a situation involving a colleague – an individual identified as Dr. Koola. Plaintiff states that Defendants' reason is pretextual. Compl. ¶ 7. Defendants also state that employment decisions regarding Plaintiff were made by Dr. Wertheim, who was, at the relevant time, Interim Dean of the School. After deposing Dr. McInnis (the President of the University, who Plaintiff alleges was personally

involved in employment decisions) and Dr. Wertheim, Plaintiff sought to depose Susan Blum, Esq. ("Blum"), who served as Chief Counsel to the University.

When Blum's deposition was first requested, Defendants sought to move to quash. (DE [24].) In support of the request to depose Blum, Plaintiff made a showing that although Blum is counsel to the University, she might also be in possession of factual information regarding the particular employment decisions at issue. (DE [25].) In particular, Plaintiff pointed to a meeting in August 2021 where Blum was stated to have been present (along with Drs. McInnis and Wertheim), during which Plaintiff's termination as Chair was discussed. In light of this showing, this Court agreed that Blum might possess factual information within the scope of discovery and denied Defendants' request for a blanket order quashing Plaintiff's notice to take Blum's deposition on the ground that she was an attorney. Accordingly, in an Order dated March 23, 2023, this Court denied Defendants' motion to quash, leaving any particular objections to be made at the time of the deposition. See Order of Shields, M.J., dated March 23, 2023.

Now, having taken Blum's deposition and such particular objections having been made, the Court is called upon to rule as to whether objections made and directions not to respond were appropriate. (DE [26], Plaintiff's Motion to Compel Deposition Testimony.) Upon review of the parties' submissions and relevant portions of the Blum deposition, and as set forth in greater detail below, the Court agrees with Defendants. Accordingly, the motion to compel is denied.

Blum testified about her position and her duties at the University. In her capacity as Chief Counsel, Blum was involved in all legal matters involving the entire University. However, Blum described her position as oversight from "30,000 feet." Consistent with this oversight, Blum oversaw a staff of seven in-house lawyers, as well as support staff. Among the lawyers supervised by Blum was Jackie Weisman, Esq. ("Weisman"). Weisman was one of two in-house

2

lawyers handling employment matters. Blum's self-described duties are consistent with her knowledge of the facts in this case. Thus, when asked whether she recalled her interactions with Parsey with respect to this matter, Blum responded "no." (Blum Dep. 22.) When Blum was pressed (over objection as to the proper scope of the deposition) to respond to questions regarding any other matter involving Parsey, Blum recalled one occasion, which involved recruitment, where Parsey did not provide enough information. (Blum Dep. 26.) Again, over objection as to scope, Plaintiff's counsel inquired (and Blum was allowed to respond) as to other matters: one involving a suicide, others involving nurses, and one involving an employee alleged to having been paid for work that was not performed. (Blum Dep. 22-31.)

Getting back on track as to any matter involving Dr. Koola, Plaintiff's counsel directed Blum to an email and asked whether she thought that Parsey did anything wrong in managing Dr. Koola. Since Blum recalled nothing about any interaction with Parsey, any follow up as to this matter appears to the Court to have been a fishing expedition about matters over which Blum had no knowledge – other than her ideas regarding the University's legal obligations. Thus, the Court holds, as discussed below, that Blum need not respond to any questions following her testimony that she recalled nothing factual about Parsey's current situation.

The Court holds first that the question at issue sought information beyond the scope of this Court's Order and, more importantly, beyond the scope of discovery herein. The Order that Blum be deposed cannot be considered in a vacuum. It was made after counsel had already deposed Drs. McInnis and Wertheim – the latter of whom did possess personal knowledge about the employment decisions at issue. A third factual deposition, while not necessarily excessive in certain situations, approached the line of disproportionate to the needs of this case, which involves a limited employment decision of a plaintiff who remains in the employ of his

employer. Nonetheless, the Court agreed that Blum might possess information within the scope of discovery – particularly information regarding Defendants' pretext defense. The discovery was allowed so that Plaintiff could explore what occurred at a meeting where Blum was present. When Blum testified that she remembered nothing about decisions involving Parsey, Plaintiff sought to expand the deposition of this attorney to discover any legal opinions formed when she first learned of the situation involving Dr. Koola. Such questions went beyond this Court's Order and sought privileged information. The witness was therefore properly instructed not to respond.

As to the specific issue of whether the information sought (even if remembered) was privileged, the Court holds that Blum was properly instructed not to answer such questions on the ground that the answer called for her impressions and legal opinion as counsel to the University on a matter involving an employee. Even if Blum remembered anything about a conversation with Plaintiff (and she had already testified that she did not), it is clear that Plaintiff's counsel improperly sought Blum's legal advice as to the actions taken by staff who made employment decisions regarding Plaintiff. As Counsel to the University, such particular questions sought privileged information outside of the scope of discovery herein. To be clear, this Court allowed Blum to be deposed so that counsel could inquire as to her factual knowledge about a particular meeting. Blum stated only that she remembered nothing about any such interaction.

Indeed, Blum's knowledge about anything involving Parsey was limited to her recollection that the matter was turned over to attorney Weisman – a University in-house attorney who was tasked with handling the legal matter. Blum's execution of this chain of command within the office of Chief Counsel led Plaintiff's counsel to ask additional questions that, again, unquestionably sought privileged information. In particular, Plaintiff's counsel

4

inquired as to the content of conversations between Blum and Weisman. While Plaintiff's counsel argues that discussions among lawyers are not privileged, Plaintiff is plainly wrong. Communications among counsel for the same client that concern the client's actions are privileged, whether or not a client is in the room. See Martin v. Valley Nat'l Bank of Arizona, 140 F.R.D. 291, 306 (S.D.N.Y. 1991).

CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel is denied. Defendants' objections made during Blum's deposition are sustained and Blum need not testify further in this matter. Discovery in this matter is now closed. The deadline to initiate dispositive motion practice is hereby extended to June 22, 2023. A joint pretrial order shall be filed on July 24, 2023, or within two weeks of a ruling on any dispositive motion that is made to the District Court.

**SO ORDERED.**

Dated:  Central Islip, New York
       May 22, 2023                                  /s/      Anne. Y. Shields
                                                    ANNE Y. SHIELDS
                                                    United States Magistrate Judge